## ED MCCALL V. THE STATE.

No. 10359.   Delivered November 10, 1926.

**1.—Assault to Murder—Argument of Counsel—Reversible Error.**

Where, on a trial for assault to murder, state's counsel, in discussing the presence of appellant at the scene of the shooting, said, "What was the defendant, Ed McCall, doing down in the negro quarters at 11 o'clock at night?   I'll tell you, gentlemen of the jury.   He was down there peddling shinny to negroes."   There was not the slightest evidence adduced warranting such a statement, and the reversal of the case is demanded, notwithstanding that the trial court instructed the jury to disregard the statement.

**2.—Same—Continued.**

It is not within the scope of legitimate argument to bring before the jury prejudicial facts not in evidence.   The law contemplates that the argument shall be confined to the testimony, and to legitimate inferences therefrom.   See Vernon's Tex. C. C. P. 1925, Vol. 1, page 92, note 11, and cases collated.

**3.—Same—Argument of Counsel—When Reversible Error—Rule Stated.**

Where the remarks of counsel do not violate some mandatory statute, the court's instructions to the jury to disregard them will ordinarily render a reversal unauthorized, unless the remarks are obviously harmful, and considered in the light of the verdict and evidence, are so prejudicial as to have probably affected the verdict.   See Vernon's C. C. P. 1925, Vol. 1, p. 115, note 34, also p. 123, note 40.

Appeal from the District Court of Newton County.   Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of assault to murder, penalty eight years in the penitentiary.

The opinion states the case.

*B. A. Hamilton* of Jasper, and *J. A. Mooney* of Woodville, for appellant.   On improper argument of counsel for state, appellant cites:

Hartwell v. State, 160 S. W. 379.

Stanchel v. State, 231 S. W. 120.

Clancy v. State, 247 S. W. 865.

Stevens v. State, 251 S. W. 505.

King v. State, 263 S. W. 281.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder, punishment fixed at confinement in the penitentiary for a period of eight years.

The following is a summary of the state's evidence: The injured party, McCurley, a deputy sheriff, in company with three other persons, namely, Talbert, Hughes and Lewis, two of whom were officers, went into the negro quarters of the town of Deweyville, late at night, between 10:30 and 12 o'clock. An automobile was discovered upon a dim road some distance from the main road. According to McCurley, he saw the car when he was about 150 yards therefrom, and when he reached the car and said: "Hold up or hold on," he was fired upon by some one in the car. The car belonged to and was driven by Perkins. He and the appellant had been in company with each other since the afternoon. Just as they were in the act of starting the motor, McCurley appeared, but was not recognized. Perkins said that he did not see him until after the first shot was fired, and that he then saw something in his hand which he was apparently pointing at the appellant. Perkins said he knew nothing of the appellant's intent until he heard a gun fired. After the first shots were fired, the car was started, and as they were driving away a number of other shots were fired, several of which struck the car. The witness, Talbert, admitted that he fired the shots last mentioned. After the car had gone some distance the appellant got out. He surrendered to the sheriff a few days after the difficulty, at which time there was a circular wound on his face about three-fourths of an inch in size.

Appellant testified that he and Perkins were in the latter's car at the time of the shooting; that the first thing he knew he felt something hit him in the face and some one said: "Stick them up." He said he shot twice. He did not know who it was at the time, and just as the shots were fired he got the car started. He heard some more shots fired after the car started, but could not say how many there were. He said:

"I did not know that those men were officers. I shot because it scared me, and I sure felt like trying to protect myself."

Appellant said that the shooting occurred about 11 o'clock at night; that he lived about three miles away and had come to engage some beef; that he carried nothing to the place that day except a sack of peas which he had brought to an old negro named Sonny Mills. He said that he had never said he was not afraid of McCurley; that he had no knowledge that McCurley was looking for him. He said that the wound on his face must have been made when McCurley struck him in the face. He did not know that McCurley was shot; that he was not expecting an officer. Appellant admitted that he fired twice.

In rebuttal McCurley said that there were no powder burns in the first shot but that there were in the second shot.

In his argument the state's counsel used the following language:

"What was the defendant, Ed McCall, doing down in the negro quarters at 11 o'clock at night? I'll tell you, gentlemen of the jury, he was down there peddling shinny to the negroes."

The court, at the request of the appellant, instructed the jury to disregard the remarks. In our opinion the remarks were obviously of a nature to impair the rights of the appellant and prejudice his case before the jury. It is not within the scope of legitimate argument to bring before the jury prejudicial facts not in evidence. The law contemplates that the argument shall be confined to the testimony and to legitimate inferences therefrom. See Vernon's Tex. C. C. P. 1925, Vol. 1, p. 92, note 11, and cases collated. When the remarks of counsel do not violate some mandatory statute, the court's instruction to the jury to disregard them will ordinarily render a reversal unauthorized unless the remarks are obviously harmful and, considered in the light of the verdict and evidence, are so prejudicial as to have probably affected the verdict. See Vernon's C. C. P., 1925, Vol. 1, p. 115, note 34; also p. 123, note 40.

It is believed that the argument in question stating to the jury in effect that the appellant was violating the laws prohibiting the sale of intoxicating liquor was of an obviously harmful character, and considering the evidence, was probably reflected in the verdict.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*